## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORRAINE JOHNSON, Administratrix** ) <br> of the **ESTATE OF TERRY JOHNSON**, ) <br> 3 Oberly Drive ) <br> Uniontown, PA 15401,  AND ) <br> ) <br> **LORRAINE JOHNSON**, **Individually**, ) <br> 3 Oberly Drive ) <br> Uniontown, PA 15401, ) <br> ) <br> Plaintiffs, ) <br> VS. ) <br> ) <br> **LARRY MEDLOCK, WARDEN OF THE** ) <br> **FAYETTE COUNTY PRISON**, in both his ) <br> Official and Individual Capacities, ) <br> **GEARY O'NEIL, ANTHONY DELVERME**, ) <br> **KEVIN LOCKE, DAVID SKILES,** ) <br> **JOHN DOE #1 AND JOHN DOE #2** ) <br> in their Official Capacities as Correctional Officers ) <br> of the Fayette County Prison and in their ) <br> Individual Capacities, ) <br> **JACQUELINE VANMETER ARISON**, in her ) <br> Official Capacity as Lieutenant of the Fayette County <br> Prison and in her Individual Capacity, ) <br> 61 East Main Street ) <br> Uniontown, PA 15401;  AND ) <br> ) <br> **PRIMECARE MEDICAL, INC., and** ) <br> **PRIMECARE MEDICAL, INC., t/d/b/a** ) <br> **Prime Care Medical and** ) <br> **Prime Care Medical Associates –UPMC** ) <br> 3940 Locust Lane ) <br> Harrisburg, PA 17109;  AND ) <br> ) <br> **PRIMECARE MEDICAL ASSOCIATES, INC.,** ) <br> **& PRIME CARE MEDICAL ASSOCIATES, INC.,** <br> **t/d/b/a Prime Care Medical and** ) <br> **Prime Care Medical Associates –UPMC** ) <br> 241-251 Freeport Road ) <br> Pittsburgh, PA 15215 ) <br> Defendants. ) | Civil Action No. <br><br> **TYPE OF PLEADING**: <br> COMPLAINT. <br><br> **Civil Rights Action** <br><br><br> **FILED ON BEHALF OF**: <br> Lorraine Johnson, Administratrix of <br> the Estate of Terry Johnson and <br> Lorraine Johnson, Individually <br><br> **FILED BY:** <br> Noah Geary <br> Suite 225 <br> Washington Trust Building <br> Washington, PA 15301 <br> 724 222-3788 <br> PA ID 78382 |

**JURY TRIAL DEMANDED.**

## COMPLAINT.

**AND NOW COME** the Plaintiffs, Lorraine Johnson, Administratrix of the Estate of Terry Johnson and Lorraine Johnson, individually, by and through their attorney Noah Geary, and file this Complaint and in support aver as follows:

1. Plaintiff Lorraine Johnson is an adult individual residing at 3 Oberly Drive, Uniontown, Pennsylvania 15401. Plaintiff is the Administratrix of the Estate of Terry Johnson, deceased. Letters of Administration were issued by the Register of Wills of the Fayette County Court of Common Pleas on September 5, 2008 appointed her as the personal representative of her husband's Estate at Docket Number 2608-00784.

2. Plaintiff Lorraine Johnson, individually, is an adult individual residing at 3 Oberly Drive, Uniontown, Pennsylvania 15401 and was the Wife of the decedent, Terry Johnson.

3. Defendant Larry Medlock, in his Official Capacity, was at all times material acting under color of state law in his capacity as Warden of the Fayette County Prison, which is the County Jail in Fayette County, Pennsylvania.

4. Defendant Larry Medlock, individually, is an adult individual who at all times relevant acted as an individual and is a resident of Fayette County, Pennsylvania, located within the Western District.

5. Defendant Geary O'Neil, in his official capacity, was at all times relevant acting under color of state law in his capacity as a Correctional Officer of the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

6. Defendant Geary O'Neil, individually, is an adult individual who at all times relevant acted as an individual and is a resident of Fayette County, Pennsylvania, located within the Western District.

7. Defendant Anthony Delverme, in his official capacity, was at all times relevant acting under color of law in his capacity as a Correctional Officer of the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

8. Defendant Anthony Delverme, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

9. Defendant Kevin Locke, in his official capacity at all times relevant was acting under color of law as a Correctional Officer at the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

10. Defendant Kevin Locke, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

11. Defendant David Skiles, in his official capacity, was at all times relevant acting under color of law in his capacity as a Correctional Officer of the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

12. Defendant David Skiles, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

13. Defendant John Doe #1, in his official capacity at all times relevant was acting under color of law as a Correctional Officer at the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

14. Defendant John Doe #1, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

15. Defendant John Doe #2, in his official capacity at all times relevant was acting under color of law as a Correctional Officer of the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

16. Defendant John Doe #2, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

17. Defendant Jacqueline Vanmeter Arison, in her official capacity at all times relevant was acting under color of law as a Lietenant/Correctional Officer at the Fayette County Prison with an address of 61 East Main Street, Fayette County Courthouse, Uniontown, PA 15401.

18. Defendant Jacqueline Vanmeter Arison, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

19. Defendant PrimeCare Medical Incorporated is a Corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 3940 Locust Lane, Harrisburg, PA 17109.

20.     Defendant PrimeCare Medical Associates, Incorporated is a Corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 241-251 Freeport Road, Pittsburgh, PA 15215.

21.     Defendant PrimeCare Medical Incorporated t/d/b/a PrimeCare Medical and/or PrimeCare Medical Associates –UPMC is a Corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 3940 Locust Lane, Harrisburg, PA 17109.

22.     Defendant PrimeCare Medical Associates Incorporated t/d/b/a PrimeCare Medical and/or PrimeCare Medical Associates –UPMC is a Corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 241-251 Freeport Road, Pittsburgh, PA 15215.

23.     At all times material, the Defendant(s) listed in paragraphs 19-22 were contracted by Fayette County to provide medical care to the inmates of the Fayette County Prison; as such, its employees' actions and inactions were done on behalf of/as agents of Fayette County, and thus constituted state action.

24.     At all times material, Ronald Dellarose was acting on behalf of the Defendant(s) listed in paragraphs 19-22 as a Registered Nurse as its employee, agent and servant, and therefore, under the doctrine of respondent superior and/or agency principles, this Defendant is liable for his acts, omissions and conduct.

25.     At all times material, Frank Hudock was acting on behalf of the Defendant(s) listed in paragraphs 19-22 as a Licensed Practical Nurse as its employee, agent and servant, and therefore, under the doctrine of respondent superior and/or principles of agency, this Defendant is liable for his acts, omissions and conduct.

## JURISDICTION AND VENUE.

26. This action arises under the Constitution of the United States of America, particularly the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and under the laws of the United States of America, particularly the Civil Rights Act Title 42, U.S.C.§ 1983.

27. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331. The Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims.

28. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391 because the Defendant's unlawful acts giving rise to the claims occurred in this District.

## COUNT I.: CIVIL RIGHTS VIOLATIONS.

29. On Thursday, February 22, 2007, Terry Johnson turned himself in to the State Police and was lodged in the Fayette County Prison.

30. The basis was an alleged violation of a Temporary Restraining Order his wife obtained against him, specifically, that he had contacted her by telephone which was a technical violation of the Order.

31. At the time Johnson was lodged in the Fayette County Prison, he was in good physical health.

32. Johnson was to be lodged in the County Jail only until he was arraigned before a District Judge on one count of indirect criminal contempt for allegedly violating the Restraining Order by attempting to contact his wife.

33. His arraignment was scheduled for Monday, February 26, 2007 at which time he would have been released on bond.

34. Thus, Mr. Johnson was only to spend the weekend in jail.

35. Johnson, while in the Fayette County Prison, had merely been charged with a crime and had been convicted of nothing. Accordingly, he was a pre-trial detainee and was thus guaranteed the right under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution to proper medical care.

36. If Johnson is deemed to be a prisoner, who technically is one who has already been convicted of a crime, he was guaranteed the right under the Eighth Amendment to the United States Constitution to be protected from cruel and unusual punishment.

37. While in the Fayette County Prison, for reasons unknown, and at a point in time unknown but believed and therefore averred to be around Friday morning, February 23, 2007, Johnson developed a perforation or a hole in his intestine. This apparently was related to a gastric bypass surgery he had underwent roughly 5 years prior.

38. As a consequence of the perforation in his intestine, Johnson developed periotinitis.

39. Periotinitis is a serious medical condition caused by the inflammation of the peritoneum, a membrane which lines the abdominal cavity and encloses the stomach, intestines, and other organs. The membrane supports the organs and protects them from infection of the stomach wall.

39. Periotinitis is a medical emergency, is extremely painful, and if not treated, is always almost fatal.

40. Upon the start and spreading of the infection, Johnson told Correctional Officers repeatedly that he was extremely ill.

41. As the infection spread, Johnson continued to be extremely vocal about his complaints of pain to the Correctional Officers.

42. He was ignored.

43. The process of the infection into the peritoneum and going into the organs of the body was excruciating.

44. Johnson continually pleaded with Correctional Officers and Medical Personnel to take him to a hospital.

45. He was ignored.

46. From approximately Friday morning, February 23, 2007 until 9:00 a.m. on Saturday, February 24, 2007, Johnson was dying of periotinitis.

47. Johnson died in his jail cell at approximately 9:00 p.m. on Saturday, February 24, 2007.

48. The Defendants denied Johnson proper medical care.

49. The Defendants were informed by Johnson and other inmates that Johnson had a serious health need.

50. The Defendants were thus on notice and were actually aware that Johnson had a serious health condition.

51. The Defendants knew that there was a substantial risk to Johnson's health if he went untreated.

52. The Defendants denied Johnson proper medical care.

53. This caused Johnson approximately 30 hours of unnecessary and excruciating pain, suffering and agony.

54. This denial also worsened Johnson's condition.

55. To the extent to which the Defendants took any action to address Johnson's serious health condition/need –which is specifically denied by the Plaintiffs – the Defendants delayed in so doing.

56. This delay caused Johnson hours of unnecessary and excruciating pain, suffering and agony, and worsened Johnson's condition.

57. The Defendants, by ignoring Johnson and the situation and by failing to provide proper medical attention acted with deliberate indifference to the serious health condition/need of Johnson.

58. The Correctional Officers' Supervisor, Lt. Arison, personally knew of the situation and did nothing; her failure to act and her acquiescence in ignoring the situation constituted deliberate indifference to the serious health condition/needs of Johnson.

59. At one point, Johnson was taken to Nurse Hudock and DellaRose who performed an EKG - that had an abnormal finding.

60. Hudock and Dellarose did nothing, and sent Johnson back to his cell.

61. Hudock and Dellarose were subsequently informed that Johnson continued to complain of pain and chest pain. They did nothing.

62. Hudock and Dellarose were thus on notice and were actually aware that Johnson had a serious health condition.

63. Hudock and Dellarose knew that there was a substantial risk to Johnson's health if he went untreated.

64. They did nothing.

65. Therefore, Hudock and Dellarose, employees of PrimeCare Medical, acted with deliberate indifference to the serious health condition/needs of Johnson.

66. Further, the Fayette County Prison had a policy, practice and custom of insufficiently staffing its facility with medical personnel.

67. This constituted deliberate indifference to the serious health needs of its inmates, including Johnson.

68. The Fayette County Prison also had a policy, practice and custom of having insufficient protocol and procedures in the event such a situation took place.

69. This constituted deliberate indifference to the serious health needs of its inmates, including Johnson.

70. The Defendants' actions and inactions caused Johnson to unnecessarily suffer for roughly 30 hours while he was dying of periotinitis.

71. The Defendants' actions and inactions also caused Johnson to die.

72. Johnson's death was unneceassary and avoidable.

73. Had the Defendants and their employees, agents and servants not acted with deliberate indifference to the obvious and serious health needs of Johnson and provided proper medical attention, he would not have died.

74. He was 48 years old.

75. Such acts and omissions of the defendants violated Johnson's Constitutional Rights guaranteed him under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

76. As the direct and proximate result of the Defendants violations of Johnson's constitutional right, the Plaintiffs have sustained damages, including but not limited to:

    a. The unnecessary death of 48 year old Johnson, a husband and father of two;

    b. Johnson's experiencing excruciating pain, suffering, terror, fear, severe emotional distress, emotional distress, humiliation for approximately 30 hours;

    c. Johnson's loss of enjoyment of his life;

        d.       Johnson's increased earning potential and future earnings;

        e.       Funeral expenses and related expenses; and

        f.       Loss of household services.

77. Moreover, the Defendants' conduct in ignoring Johnson and his cries for help for such a length of time was outrageous.

78. Accordingly, the Plaintiffs demand punitive damages.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, jointly, severally, and individually in an amount to be determined by the jury after a trial by jury, costs, attorney fees and any/all other relief as this honorable Court may deem appropriate, whether legal or equitable, including the mandated training of Fayette County and medical personnel at the Fayette County Prison so that such a situation never happens again.

### COUNT II. SURVIVAL ACTION.

79. The foregoing paragraphs are incorporated by reference as though set forth fully.

80. Plaintiffs bring this Survival Action under 20 Pa. Cons. Stat. Ann. § 3373 and 42 Pa. Cons. Stat. Ann § 8302.

81. As a direct and proximate result of the Defendants' actions/inactions, decedent suffered and Defendants are liable to Plaintiff for the following damages:

    (a) decedent's pain and suffering between the time of his injuries and the time of death;

    (b) decedent's total estimated future earnings less his estimated cost of personal maintenance;

    (c) decedent's loss of retirement and Social Security income;

    (d) decedent's other financial losses suffered as a result of his death; and

    (e) decedent's loss of the enjoyment of life.

**WHEREFORE,** the Plaintiffs demand judgment and damages against the Defendants and a trial by jury.

Case 2:09-cv-00234-LDL Document 1 Filed 02/23/09 Page 12 of 14

## COUNT III.
## WRONGFUL DEATH ACTION.

82. The foregoing paragraphs are incorporated by reference as though set forth fully.

83. The Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. Cons. Stat. Ann § 8301 and Pa. R.C. P. No. § 2202(a).

84. The decedent was survived by his Wife, Plaintiff Lorraine Johnson, his wife, who alone is entitled to recover damages for his death.

85. The decedent did not bring an action for personal injuries during his lifetime, and no other action for the death of the decedent has been commenced against the defendant.

86. As a direct and proximate result of the Defendants' aforesaid acts, the Plaintiff, Lorraine Johnson, the Wife of the decedent, suffered and the Defendants are liable to her for the following damages:

>  (a) the funeral expenses for the decedent;
>
>  (b) expenses of administration related to decedent's injuries;
>
>  (c) the plaintiff's deprivation and injury as a result of the loss of the pecuniary loss, support, consortium, comfort, counsel, aid, association, care and services of the decedent; and
>
>  (d) such other damages as are permissible in a wrongful death action.

**WHEREFORE,** the Plaintiffs demand judgment and damages against the Defendants and a trial by jury.

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Attorney for Plaintiffs
Suite 225
Washington Trust Building
Washington, PA 15301
(724) 222-3788

## VERIFICATION.

I, Lorraine Johnson, hereby verify that the facts and statements made within are true and correct to eh best of my knowledge, information and belief. I understand that false statements herein made are subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: February 22, 2009

/s/ Lorraine Johnson
Lorraine Johnson, Individually

/s/ Lorraine Johnson, Administratrix of the Estate of Terry Johnson
Lorraine Johnson, Administratrix of the Estate of Terry Johnson